**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALPHONSO C. MOTTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 18 C 1331 |
| ) | |
| CITY OF CHICAGO, Chicago Police ) | Judge John Z. Lee |
| Officers R.R. NORWAY, Star No. 6797, ) | |
| and B.J. MCHALE, Star No. 8721, ) | Magistrate Judge Maria Valdez |
| ) | |
| Defendants. ) | |

_____

**AMENDED COMPLAINT**
_____

The Plaintiff, ALPHONSO C. MOTTS, by and through his attorneys, OTUBUSIN & ASSOCIATES, P.C., and for his Complaint against Defendants CITY OF CHICAGO, Chicago Police Officers RONALD R. NORWAY, Star No. 6797 and BRIAN J. MCHALE,, Star No. 8721, states as follows:

**INTRODUCTION**

1. On March 2, 2017 and, following a bench trial, the Circuit Court of Cook County dismissed all charges against Alphonso Motts.

2. Motts spent one hundred and ninety-four (195) days and a total of four thousand, six hundred and eighty (4,680) hours as an innocent, pre-trial detainee in jail at Cook County Department of Corrections where he was subjected to and had to endure horrible conditions.

3. On June 2, 2015, the Chicago Police Officers came into the premises commonly known as 127 North Karlov in the City of Chicago, State of Illinois and arrested

Motts and three other defendants.

4. Motts was charged by the Chicago Police Department and Cook County State's Attorney Office with six counts of armed habitual offender, unlawful use or possession of a weapon by a felon, and aggravated unlawful use of weapon.

5. The arresting Chicago Police Officers were Defendants Norway and McHale.

6. Motts' indictment was secured through the unreliable accounts of these police officers which were fabricated by them. Their accounts or testimonies were contradicted by the evidence.

7. Motts now brings this lawsuit seeking compensation for the injuries he suffered because of the violations of his civil rights that occurred between June 2, 2015 through March 2, 2017.

8. The misconduct of Officers Norway and McHale and the Chicago Police Department in the Motts' case is a common occurrence in the Chicago Police Department where the Chicago Police Department has brought charges against innocent citizens for crimes they have not committed.

9. The Cook County State's Attorney's Office was complicit in seeking an indictment for crimes Motts did not commit based on the shoddy investigation by the Chicago Police Department which fabricated evidence against Motts.

## JURISDICTION AND VENUE

10. This action is brought pursuant to 42 U.S.C. §1983, the U.S. Constitution and the laws of the State of Illinois to redress the deprivation of Plaintiff's rights as secured by the United States Constitution and the Illinois State Constitution.

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§§1331 and 1343(a); the Constitution of the United States; and supplemental jurisdiction as codified in 28 U.S.C. §1367(a).

12. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2). All parties reside in this judicial district and the events giving rise to the claims asserted by the Plaintiff occurred within this judicial district. Venue is also proper in this district under 28 U.S.C. §1391(c)(2) because the Court has personal jurisdiction over all the defendants.

## THE PARTIES

13. Motts is 35 years old and currently resides in Chicago, Illinois.

14. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, is the employer and principal of the defendant police officers, and is responsible for the policies, practices and customs of its Police Department, City Council, Independent Police Review Authority, and Police Board. Defendant City of Chicago is a necessary party to this lawsuit.

15. Defendant Norway was, at the time of this occurrence, a duly appointed police officer employed by the City of Chicago and was an agent of the City of Chicago. He is sued in his individual capacity. He acted under color of law, and acted within the scope of his employment during the investigation of the crimes alleged herein.

16. Defendant McHale was, at the time of this occurrence, a duly appointed police officer employed by the City of Chicago and was an agent of the City of Chicago. He is sued in his individual capacity. He acted under color of law, and acted within the scope of his employment during the investigation of the crimes alleged herein.

**ALLEGED CRIME AND DEFENDANTS' MISCONDUCT**

17. The Chicago Police Department ["CPD"] has a policy or practice under which it brings charges against innocent citizens for crimes they have not committed.

18. The CPD has a policy or practice under which it arrests and detains citizens without proper investigation but based on unreliable and unlawfully obtained witnesses' accounts.

19. The CPD has a policy or practice of conducting unlawfully coercive interrogatories of witnesses, suspects and arrestees to obtain confessions and false implication of others.

20. The CPD has a policy or practice of failing to pursue legitimate, potentially exculpatory evidence.

21. The CPD's policy or practice is to hold arrested citizens in detention pending the investigation into their alleged crimes.

22. The CPD intentionally waits for an excessive amount of time to complete their investigation into the alleged crimes, thus leaving arrested citizens to linger in jail for an excessive period of time for crimes they did not commit and for which they should not have been arrested in the first place.

23. These and other aspects of CPD's policies or practices result in the wrongful detention of individuals that is unconstitutional.

24. The policies or practices described above apply equally to every single acquitted detainee and are so widespread, permanent and well settled that they constitute a custom or usage with the force of law.

25. Motts was subjected to the exact same policies and procedures set forth above.

26. On June 2, 2015, the Chicago Police Officers came into the premises commonly known as 127 North Karlov in the City of Chicago, State of Illinois and arrested Motts and three other defendants.

27. He was allegedly observed holding a blue steel Lorcin semi-auto pistol.

28. Defendant Norway allegedly observed Motts reach behind his back and pull out a dark blue steel pistol while walking toward 127 North Karlov Street, Chicago, Illinois.

29. Defendant Norway allegedly observed Motts hand the handgun to Antione Conley.

30. Allegedly as Enforcement Officers approached to conduct an investigation in the area of 127 North Karlov Street, Motts allegedly fled into the 1st floor apartment at 127 North Karlov Street, Chicago, Illinois.

31. The Enforcement Officers allegedly recovered the Lorcin semi auto pistol.

32. Thereafter, the Enforcement Officers placed Motts under arrest.

33. Defendants Norway and McHalle participated in the shoddy investigative process of the alleged crimes.

34. The Cook County State's Attorney's Office ["CCSAO"] gave approval to charge Motts with six counts of armed habitual offender, unlawful use or possession of a weapon by a felon, and aggravated unlawful use of weapon.

35. Defendants Norway and McHale knew that Motts was innocent and was not committing any crime.

36. As a further result of the egregious conduct by these law enforcement officers, Motts was permanently and severely injured.

37. He spent one hundred and ninety-four (195) days and a total of four thousand, six hundred and eighty (4,680) hours in jail for a crime he did not commit and these Defendant officers knew that he did not commit the crime.

38. After his arrest, CPD in concert with CCSAO conducted investigations of the alleged crime.

39. These Defendants working individually and together, prepared false reports in which they falsely charged Plaintiff with crimes he did not commit and failed to record their physical and psychological coercion of the Plaintiff in their custody, and that their charges had been concocted by them and were false. Some of their notes from the investigation and their interrogation of Plaintiff were destroyed, in violation of 725 ILCS 5-114/13.

40. Chicago Police Officer Norway was directly involved in obtaining the false evidence relied on to charge Motts.

41. Chicago Police Officer McHale was directly involved in obtaining the false evidence relied on to charge Motts.

42. Chicago Police Officers Norway and McHale were engaged in the investigation every step of the way, before any probable cause existed.

43. Defendants Norway and McHale prepared false police reports approved by CCSAO and which led the latter to continue the prosecution of the Plaintiff.

44. The failure of these Defendant Officers to impress upon the prosecutors to dismiss the charges against Motts despite knowing that he was innocent of the charges demonstrate their complicity in framing an innocent man.

## Count I - 42 U.S.C. §1983
### Federal Malicious Prosecution and Due Process

45. Plaintiff reincorporates and realleges the allegations in each preceding paragraphs of this Complaint as if fully restated herein.

46. Defendants Norway and McHale, jointly and in conspiracy, as well as under color of law and within the scope of their employment, deprived Motts of his constitutional rights to due process.

47. These Defendants fabricated evidence which caused Motts to be maliciously prosecuted for crimes for which he was innocent resulting in the deprivation of his liberty in violation of his procedural and substantive right to due process guaranteed by the Fourteenth Amendment <u>and</u> right to be free of unreasonable seizures guaranteed by the Fourth and Fourteenth Amendments.

48. These Defendants caused Motts to be improperly subjected to judicial proceedings for which there was no evidence or any confession linking him to the crime other than fabricated evidence to falsely implicate him.

49. These Defendants pursued Motts' criminal prosecution for the crime despite the lack of any evidence or any confession linking him to the crime.

50. These Defendants manufactured false reports and evidence which misled and misdirected the criminal prosecution to Motts' detriment.

51. The fabricated evidence violated Motts' due process rights when it was used to deprive him of his liberty, <u>and</u> then, used as illegitimate probable cause for Harris' arrest, detention, indictment and prosecution.

52. These judicial proceedings were instituted and continued maliciously, resulting in injury, and Motts was acquitted of all charges following a bench trial in this cause.

53. These defendants accused Motts of grave criminal conduct despite knowing that those accusations were without legitimate probable cause.

54. As a result of this violation of his Fourth and Fourteenth Amendment Constitutional rights, Harris suffered injuries, including but not limited to his loss of liberty and emotional distress.

### Count II - 42 U.S.C. §1983
### Conspiracy to Deprive Harris of His Constitutional Rights

55. Plaintiff reincorporates and realleges the allegations in each preceding paragraphs of this Complaint as if fully restated herein.

56. Defendants Norway and McHale, acting within the scope of their employment and under color of law, falsely implicated Motts for the crimes and deprived him of his constitutional rights, including but not limited to his rights to due process, and the right to be free from evidence fabricated against him and subsequently used to indict, detain and prosecute him.

57. These defendants conspired to deprive Motts of potentially exculpatory information to which he was lawfully entitled and which would have led him not being charged if they had simply performed fundamental investigative methods.

58. These defendants conspired by concerted action to accomplish an unlawful purpose by unlawful means.

59. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was otherwise a willful participant in joint activity.

60. Defendants willfully conspired with malice and/or reckless indifference to the rights of Motts.

61. Motts' rights were violated, and he suffered physical harm, financial damages, and severe emotional distress and anguish as a direct and proximate result of the Defendants' unlawful acts.

### Count III - 42 U.S.C. §1983
### Monell Policy Claim Against the City of Chicago

62. Plaintiff reincorporates and realleges the allegations in each preceding paragraphs of this Complaint as if fully restated herein.

63. At all times relevant, the City of Chicago's policy makers with final policymaking authority and the Supervisors ratified, condoned, and facilitated the following policies, practices and customs within the Chicago Police Department:

   a. The CPD has a policy or practice under which it brings charges against innocent citizens for crimes they have not committed.

   b. The CPD has a policy or practice under which it arrests and detains citizens without proper investigation but based on unreliable and unlawfully obtained witnesses' accounts.

   c. The CPD has a policy or practice of conducting unlawfully coercive interrogatories of witnesses, suspects and arrestees to obtain confessions and false implication of others.

   d. The CPD has a policy or practice of failing to pursue legitimate, potentially exculpatory evidence.

 e. The CPD's policy or practice is to hold arrested citizens in detention pending the investigation into their alleged crimes.

 f. The CPD intentionally waits for an excessive amount of time to complete their investigation into the alleged crimes, thus leaving arrested citizens to linger in jail for an excessive period of time for crimes they did not commit and for which they should not have been arrested in the first place.

 g. These and other aspects of the CPD's policies or practices result in the wrongful detention of individuals that is unconstitutional.

 h. The policies or practices described above apply equally to every single acquitted detainee and are so widespread, permanent and well settled that they constitute a custom or usage with the force of law.

64. Motts was subjected to the exact same policies and procedures set forth above.

65. As a result of the CPD's policies and practices described above, the members of the CPD, acted with impunity when citizens' civil rights are violated, including those of Motts.

66. The CPD's failure to train, supervise, and discipline its Officers effectively condoned, ratified, and sanctioned these Officers' violation of Motts' constitutional rights.

67. The CPD's Officers acted pursuant to the CPD's policies and practices described above.

68. The CPD maintained and implemented its policies and practices described above with deliberate indifference to Motts' constitutional rights.

69. Motts' rights were violated, and he suffered physical harm, financial damages, and severe emotional distress and anguish as a direct and proximate result of the CPD's policies, practices, and customs.

70. The City of Chicago is liable for its Officers' misconduct.

### Count IV - State Law Claim
### Civil Conspiracy

71. Plaintiff reincorporates and realleges the allegations in each preceding paragraphs of this Complaint as if fully restated herein.

72. Defendants conspired by concerted action to accomplish an unlawful purpose by unlawful means.

73. In furtherance of the conspiracy, these Defendants committed overt acts and were otherwise willful participants in joint activity in furtherance of the conspiracy.

74. The misconduct described above was undertaken by these Defendants with malice, willfulness and reckless indifference to the rights of Motts.

75. Motts suffered damages, including severe emotional distress and anguish as a proximate result of Defendants' misconduct and conspiracy to engage in misconduct.

### Count V - State Law Claim
### Malicious Prosecution

76. Plaintiff reincorporates and realleges the allegations in each preceding paragraphs of this Complaint as if fully restated herein.

77. Defendants Norway and McHale caused Motts to be improperly subjected to judicial proceedings for which there was no legitimate probable cause by knowingly

providing falsified statements to ensure that Motts would be arrested and prosecuted for crimes that he did not commit.

78. Defendants Norway and McHale prepared or made false statements that implicated Motts in crimes that he did not commit. Defendants Norway and McHale produced police reports that were conspicuously devoid of routine investigative methods that would have quickly exonerated Motts of the alleged crimes he did not commit.

79. All such judicial proceedings were terminated in Motts' favor after a bench trial.

80. The proceedings were instituted and continued maliciously, resulting in injury to Motts. Defendants Norway and McHale acted with malice, willfulness and reckless indifference to Motts' rights.

81. Motts sustained and continues to sustain injuries, including but not limited to physical injury, loss of liberty and pain and suffering because of Defendants' misconduct.

### COUNT VII - State Law Claim
### (745 ILCS 10/9-102 – Indemnification – City of Chicago)

82. Plaintiff reincorporates and realleges the allegations in each preceding paragraphs of this Complaint as if fully restated herein.

83. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

84. The City of Chicago must indemnify Defendants Officers Norway and McHale for all judgments entered against them.

## COUNT VII
## COUNT VIII - State Law Claim
### (Respondeat Superior - City of Chicago)

85. Plaintiff reincorporates and realleges the allegations in each preceding paragraphs of this Complaint as if fully restated herein.

86. In committing the acts above, Defendant Norway was a CPD member and the agent of the City of Chicago, and was acting at all relevant times within the scope of his employment and under color of law.

87. In committing the acts above, Defendant McHale was a CPD member and the agent of the City of Chicago, and was acting at all relevant times within the scope of his employment and under color of law.

88. Defendant City of Chicago is liable as a principle for all torts committed by its agents.

## JURY DEMAND

Plaintiff Alphonso C. Motts demands a trial by jury pursuant to Federal Rules of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

**ALPHONSO C. MOTTS**


By: /s/ Paul O. Otubusin
One of His Attorneys

Dated: October 10, 2018        Paul O. Otubusin, Esq.
　　　　　　　　　　　　　　　　 ARDC No: 6205261
　　　　　　　　　　　　　　　　 **OTUBUSIN & ASSOCIATES, P.C.**
　　　　　　　　　　　　　　　　 77 West Washington Street
　　　　　　　　　　　　　　　　 Suite 1204
　　　　　　　　　　　　　　　　 Chicago, Illinois  60602
　　　　　　　　　　　　　　　　 E-mail: drotubusin@otubusinlaw.com
　　　　　　　　　　　　　　　　 (312) 251-1480
　　　　　　　　　　　　　　　　 (312) 251-1481 (Fax)

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing was filed electronically on October 10, 2018. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's ECM/CF Electronic system.

                                            By:      /s/ Paul O. Otubusin
                                                        One of His Attorneys

Dated: October 10, 2018                         Paul O. Otubusin, Esq.
                                                  ARDC No: 6205261
                                                  **OTUBUSIN & ASSOCIATES, P.C.**
                                                  77 West Washington Street
                                                  Suite 1204
                                                  Chicago, Illinois 60602
                                                  E-mail: drotubusin@otubusinlaw.com
                                                  (312) 251-1480
                                                  (312) 251-1481 (Fax)